1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18

| | | |
|---|---|---|
| DARRELL WILLIAMS, | ) | No. C 05-3891 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER DENYING |
| | ) | RESPONDENT'S MOTION TO |
| | ) | DISMISS; FURTHER |
| vs. | ) | SCHEDULING ORDER |
| | ) | |
| | ) | |
| TOM L. CAREY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | (Docket No. 17) |

19    Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28

20  U.S.C. § 2254.  On September 27, 2006, the court granted petitioner's motion to stay this action

21  while he exhausted his remaining claims in state court.  On November 29, 2006, the court

22  reopened the instant habeas action and issued an order to show cause to respondent as to why the

23  amended petition should not be granted.  Respondent was served with a copy of the court's order

24  to show cause on May 27, 2007.   Respondent has filed a motion to dismiss the amended petition

25  as untimely.  The court granted petitioner's applications for extensions of time to file an

26  opposition to the motion to dismiss.  Petitioner filed an opposition on November 5, 2007.

27  Although given the opportunity to do so, respondent did not file a reply.  Based upon the papers

28  submitted, the court DENIES respondent's motion to dismiss the petition as untimely.

1    The court issues a further scheduling order as set forth below.

2                              **BACKGROUND**

3          On March 1, 2002, a Contra Costa Superior Court jury convicted petitioner of second

4    degree murder (Cal. Penal Code § 187), gross vehicular manslaughter (Cal. Vehicle Code §

5    191.5(a)), hit and run causing death or permanent serious injury (Cal. Vehicle Code § 20001(a),

6    (b)(2)), misdemeanor driving under the influence of alcohol with a prior conviction for driving

7    under the influence (Cal. Vehicle Code § 23152(a)), and driving with a blood alcohol level of .08

8    or more (Cal. Vehicle Code § 23152(b)).  Amended Petition, Ex. D (Petition for Review) at 3.

9    With an enhancement for his prior prison term, petitioner was sentenced to a term of fifteen

10   years-to-life in state prison on June 14, 2002.  Id. at 4.  On July 30, 2003, the state appellate court

11   affirmed the conviction and sentence.  On the same day, the appellate court denied petitioner's

12   state habeas petition in a separate order.  Id., Ex. E Attachments.  The state supreme court denied

13   a petition for review on October 29, 2003.  Id.

14         On December 2, 2003, petitioner filed a habeas petition in the state supreme court, which

15   was denied on September 29, 2004, in an order which stated in its entirety: "Petition for writ of

16   habeas corpus denied (See In re Clark (1993) 5 Cal.4th 750; In Re Lindley (1947) 29 Cal. 2d

17   709; In Re Dixon (1953) 41 Cal. 2d 756.)  George, C.J., was absent and did not participate."

18   Resp. Mot., Ex. 1.  On September 9, 2005, petitioner filed a habeas petition in the superior court,

19   which was denied on October 31, 2005.  Resp. Mot., Ex. 2; Amended Petition, Ex. B.

20         Petitioner filed a federal habeas petition and a motion to hold the petition in abeyance on

21   September 27, 2005.  On September 27, 2006, the court granted petitioner's motion to stay this

22   action while he exhausted his remaining claims in state court.  During this time, petitioner filed a

23   habeas petition in the state supreme court on December 21, 2005, which was denied on

24   September 13, 2006.  Amended Petition, Ex. C.  On October 4, 2006, petitioner filed an amended

25   federal petition in this court.

26   \\\

27   \\\

28   \\\

1

**DISCUSSION**

2    Respondent moves the court to dismiss the instant petition as untimely.  The

3  Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24,

4  1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas

5  corpus filed by state prisoners.  Under AEDPA, prisoners challenging non-capital state

6  convictions or sentences must be filed within one year of the latest of the date on which:

7  (1) the judgment became final after the conclusion of direct review or the time passed for seeking

8  direct review; (2) an impediment to filing an application created by unconstitutional state action

9  was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted

10  was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court

11  and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could

12  have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

13    The one-year period generally will run from "the date on which the judgment became

14  final by conclusion of direct review or the expiration of the time for seeking such review."  28

15  U.S.C. § 2244(d)(1)(A).  "Direct review" includes the period within which a petitioner can file a

16  petition for a writ of certiorari from the United States Supreme Court, whether or not the

17  petitioner actually files such a petition.  Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

18  Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme

19  Court, AEDPA's one-year limitation period begins on the date that the ninety-day period defined

20  by Supreme Court Rule 13 expires.  Miranda v. Castro,  292 F.3d 1063, 1065 (9th Cir. 2002)

21  (where petitioner did not file petition for certiorari, his conviction became final ninety days after

22  the California Supreme Court denied review).

23    The California Supreme Court denied review of petitioner's direct appeal on October 29,

24  2003.  Petitioner's conviction became final on January 27, 2004, when the period in which to

25  petition for certiorari expired.  Accordingly, petitioner had until January 28, 2005 to file his

26  federal habeas petition.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001)

27  (calculating AEDPA's one-year limitation period according to Federal Rule of Civil Procedure

28

6(a)).  Petitioner alleges that he mailed his federal petition on September 14, 2005.[1]  Amended
Petition at 5.  The petition was filed with the court on September 27, 2005.  Therefore, the instant
petition is untimely absent tolling.

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which
a properly filed application for state post-conviction or other collateral review with respect to the
pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  The circumstances under
which a state petition will be deemed "pending" for purposes of § 2244(d)(2) is a question of
federal law.  Welch v. Carey, 350 F.3d 1079, 1080 (9th Cir. 2003) (en banc).

Under the tolling provisions of § 2244(d)(2), petitioner was "entitled to tolling of the one-
year limitations period for those time periods during which his 'properly filed' state habeas
petitions were 'pending.'"  Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007) (quoting 28
U.S.C. § 2244(d)(2)).  But he is not entitled to statutory tolling for any petition denied by the
state courts as untimely because such a petition is considered "neither 'properly filed' nor
'pending'" in the state courts within the meaning of § 2244(d)(2).  Id. (citing Bonner v. Carey,
425 F.3d 1145, 1149 (9th Cir. 2005) (citing Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005)).
The Supreme Court has made clear that "[w]hen a postconviction petition is untimely under state
law, that is the end of the matter for purposes of § 2244(d)(2)."  Pace, 544 U.S. at 414.

Here, petitioner filed a post-conviction habeas petition in the state supreme court on
December 2, 2003.  Petitioner alleges that he signed and submitted his petition to prison
authorities for mailing on November 25, 2003.  Pet.'s Opp. at 2; Amended Petition, Ex. E.  This
habeas petition was denied on September 29, 2004, with citations to In Re Clark, 5 Cal. 4th 750
(1993); In Re Lindley, 29 Cal. 2d 709 (1947), and In Re Dixon, 41 Cal. 2d 756 (1953).  Resp.
Mot., Ex. 1.  Respondent contends that because the California Supreme Court denied petitioner's
first state habeas petition with the citations set forth above, this signaled that the petition was

---

[1]The mailbox rule applies to the filing of a federal petition for a writ of habeas corpus
under the AEDPA.  See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001) (pro se
prisoner's federal habeas petition is deemed filed when prisoner delivers petition to prison
authorities for mailing), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214
(2002).

1   denied in part as untimely, therefore it was not properly filed.  Resp. Mot. at 3.

2          The court agrees that if petitioner's first state habeas petition was denied as untimely

3   under state law, his federal petition would be untimely under 28 U.S.C. § 2244(d).  However, the

4   issue here is whether the Supreme Court of California clearly rejected the petition as untimely in

5   its summary order of denial when it cited to In Re Clark, 5 Cal. 4th 750 (1993); In Re Lindley, 29

6   Cal. 2d 709 (1947), and In Re Dixon, 41 Cal. 2d 756 (1953).

7          In Thorson, the Supreme Court of California summarily denied Thorson's habeas petition

8   with a citation to In re Robbins, 18 Cal. 4th 770, 780 (1998).  The Ninth Circuit held that the

9   Supreme Court of California had "clearly rejected Thorson's habeas petition as untimely" by

10  citing Robbins, because the court's summary order cited the very page of Robbins that sets forth

11  'the basic analytical framework' governing California's timeliness determinations in habeas

12  corpus proceedings."  Thorson, 479 F.3d at 645.

13         In Bonner, the California superior court explained that it was denying Bonner's petition

14  because, among other reasons, Bonner had either made the same claims in his earlier petition or

15  could have done so, and that there was no reason stated for any delay in this regard.  The Ninth

16  Circuit held that "it is clear that the [state superior] court was denying Bonner's petition as

17  untimely."  Bonner, 425 F.3d at 1148.  It noted that the superior court's language tracked

18  California's requirement that, to avoid the state's timeliness bar, a petitioner must establish good

19  cause for his delay, and that the record showed that Bonner had waited over four years to file his

20  second petition.  Id.  If California courts have deemed periods of three years substantial, Bonner

21  had to establish good cause of his four-year delay.  Id.  "When the court noted that Bonner had

22  asserted no reason for his delay, then, the court was explaining that he had not met his burden of

23  establishing good cause."  Id.

24         Unlike in Thorson and Bonner, it is not clear in the instant case whether the Supreme

25  Court of California rejected petitioner's first state habeas petition as untimely when it issued its

26  summary order with citations to In Re Clark, 5 Cal. 4th 750 (1993); In Re Lindley, 29 Cal. 2d

27  709 (1947), and In Re Dixon, 41 Cal. 2d 756 (1953).

28         In Clark, the Supreme Court of California held that "the general rule is still that, absent

1   justification for the failure to present all known claims in a single, timely petition for writ of

2   habeas corpus, successive and/or untimely petitions will be summarily denied." In re Clark, 5

3   Cal. 4th at 797.  The lengthy opinion primarily discusses the standards for applying, as well as

4   the exceptions to, the procedural bars against successive or untimely petitions.  The opinion also

5   discusses other limitations on collateral attack in the California courts.  See id. at 763-67.

6           In re Dixon stands for the state rule that "habeas corpus cannot serve as a substitute for an

7   appeal, and, in the absence of special circumstances constituting an excuse for failure to employ

8   that remedy, the writ will not lie where the claimed errors could have been, but were not, raised

9   upon a timely appeal from a judgment of conviction." In re Dixon, 41 Cal. 2d at 759.  The

10  California Supreme Court held in Dixon that to bring a claim in a state habeas corpus action a

11  petitioner must first, if possible, have pursued the claims on direct appeal from his or her

12  conviction unless the claim falls within certain exceptions.  See Park v. California, 202 F.3d

13  1146, 1151 (9th Cir. 2000).

14          The state procedural bar rule of In re Lindley, 29 Cal. 2d 109 (1947), states that

15  sufficiency of the evidence claims cannot be raised in a state habeas petition, which constitutes

16  an independent and adequate state ground barring federal review.  Carter v. Giurbino, 385 F.3d

17  1194, 1198 (9th Cir. 2004).  California state courts have consistently applied the Lindley

18  procedural bar since 1947.  Id.  Although petitioner's sufficiency of the evidence claim is likely

19  barred procedurally, the state supreme court's citation to Lindley does not clearly establish that

20  the habeas petition was denied as untimely.

21          Therefore, the Supreme Court of California's summary order denying petitioner's habeas

22  petition with citations to Clark, Dixon, and Lindley, could be based on the procedural bar against

23  successive petitions or some other bar other than the bar against untimely petitions.  Unlike in

24  Thorson, here there is no cite to any specific pages in the Clark or Dixon opinions indicating that

25  the denial is based on untimeliness grounds.  Nor is there any indication, as in Bonner, that the

26  denial must be based on untimeliness grounds because petitioner's delay was substantial.  Bonner

27  waited more than four years to file his second petition.  Here, petitioner waited approximately

28  one month to file his state habeas petition after the denial of his petition for review on direct

1    appeal.  Cf. Bonner, 425 F.3d at 1148 & n.15 (noting that California courts have deemed delay of

2    three or more years substantial).

3          Under the circumstances here, it simply cannot be said that the Supreme Court of

4    California "'clearly ruled'" that petitioner's state habeas petition was "untimely."  Pace, 544 U.S.

5    at 414 (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)).  The rationale of Pace does not

6    extend to this case.  Cf. Thorson, 479 F.3d at 645 (applying rationale of Pace where denial of

7    state petition was clear denial on timeliness grounds); Bonner, 425 F.3d at 1148-49 (same).

8    Therefore, the court finds that the instant federal petition is not untimely pursuant to Pace and its

9    progeny.

10          Accordingly, if the court applies statutory tolling to petitioner's first state habeas petition

11   pursuant to § 2244(d)(2), the one-year limitations period was tolled from November 25, 2003,

12   when petitioner signed and delivered his state habeas petition to prison officials, through

13   September 29, 2004, when the state supreme court denied petitioner's habeas petition.  The

14   one-year limitation period accordingly did not start running until the next day, September 30,

15   2004.  See Jiminez v. Rice, 276 F. 3d 478, 482 (9th Cir. 2001) (state habeas petition tolls

16   limitation period even if filed before process of direct review came to an end).  Therefore,

17   petitioner had until September 30, 2005 before the limitations period expired.  Although the

18   parties dispute whether petitioner has sufficiently proved that he mailed his federal petition on

19   September 14th, 2005, if the court applies the later September 27, 2005 filing date of the petition,

20   the petition is nevertheless timely pursuant to 2244(d)(1).[2]  Accordingly, respondent's motion to

21   dismiss (docket no. 17) is DENIED.

22                                   **CONCLUSION**

23         1.      Respondent' s motion to dismiss (docket no. 17) is DENIED.

24         2.      Respondent shall file with the court and serve on petitioner, within **sixty**

25   **days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules

26

27         [2]Because the court concludes that the petition is timely by applying statutory tolling, the
28   court declines to address petitioner's argument concerning equitable tolling in the opposition.
     Pet.'s Opp. at 8-16.

1    Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

2    granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of

3    the underlying state criminal record that have been transcribed previously and that are relevant to

4    a determination of the issues presented by the petition.

5        If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

6    court, and serving a copy on respondent, within **thirty days** of his receipt of the answer.

7        3.    It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that

8    all communications with the court must be served on respondent by mailing a true copy of the

9    document to respondent's counsel.  Petitioner must keep the court and all parties informed of any

10   change of address by filing a separate paper captioned "Notice of Change of Address."  Petitioner

11   must comply with the court's orders in a timely fashion.  Failure to do so may result in the

12   dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

13

14       IT IS SO ORDERED.

15   DATED: __3/28/08_____

16                           RONALD M. WHYTE
                             United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28