*E-FILED - 10/27/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DARRELL WILLIAMS, | ) | No. C 05-3891 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER DENYING RESPONDENT'S MOTION TO RECONSIDER ORDER DENYING MOTION TO DISMISS; FURTHER SCHEDULING ORDER |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| TOM L. CAREY, Warden, | ) | |
| | ) | (Docket No. 24) |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prisoner proceeding pro se, filed an original writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 27, 2006, the court granted petitioner's motion to stay this action while he exhausted his remaining claims in state court. On November 29, 2006, the court reopened the instant habeas action and issued an order to show cause to respondent as to why the amended petition should not be granted. On August 1, 2007, respondent moved to dismiss the petition as untimely, which the court denied on March 31, 2008. On April 14, 2008, respondent filed the instant motion to reconsider the court's denial. Based upon the papers submitted, the court DENIES respondent's motion to reconsider the order denying the motion to dismiss petitioner's habeas petition as untimely.

**BACKGROUND**

On March 1, 2002, a Contra Costa Superior Court jury convicted petitioner of second degree murder (Cal. Penal Code § 187), gross vehicular manslaughter (Cal. Vehicle Code § 191.5(a)), hit and run causing death or permanent serious injury (Cal. Vehicle Code § 20001(a), (b)(2)), misdemeanor driving under the influence of alcohol with a prior conviction for driving under the influence (Cal. Vehicle Code § 23152(a)), and driving with a blood alcohol level of .08 or more (Cal. Vehicle Code § 23152(b)).  With an enhancement for his prior prison term, petitioner was sentenced to a term of fifteen years-to-life in state prison on June 14, 2002.

**DISCUSSION**

Respondent moves the court to reconsider its order denying its motion to dismiss petitioner's amended petition as untimely.  Specifically, respondent claims that out of the four claims raised by incorporation by reference in petitioner's amended petition, only three were raised in his original petition.  Respondent's Motion at 2, fn.1.  Therefore, respondent argues, based on Mayle v. Felix, 545 U.S. 644 (2005), because the fourth claim is a new claim, it does not relate back to the claims in the original petition and, accordingly, is untimely because it was filed after the applicable statute of limitations had passed.  Respondent's Motion at 3.

Amendments made after the AEDPA's one-year statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings "'ar[i]se out of the conduct, transaction, or occurrence.'"  Mayle, 545 U.S. at 654-55 (quoting Fed. R. Civ. P. 15(c)(2)).  "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."  Id. at 650 (finding that new coerced confession claim did not relate back to the original petition that raised only a factually distinct Confrontation Clause claim).  Only if the original and amended petition state claims that are tied to a common core of operative facts will relation back be in order.  Id. at 664.

Here, a comparison of the claims raised in petitioner's original petition, filed September 27, 2005, and amended petition, filed October 4, 2006, demonstrates that all four claims were raised in both petitions, through incorporation by reference, and subsequently exhausted.

1    Specifically, in his original petition, petitioner raised: (1) ineffective assistance of
2 counsel by counsel's failure to object to the second degree murder felony-murder instruction
3 pursuant to CAL JIC No. 8.51; (2) the trial court erroneously interjected the felony-murder
4 doctrine through CAL JIC No. 8.51 without specifying what felonies, apply, defining inherently
5 dangerous felony, or instructing that manslaughter merges with the murder; (3) the evidence was
6 insufficient to support a conviction for second degree murder; and (4) ineffective assistance of
7 counsel because counsel failed to investigate and argue that the victim's intoxication was the
8 contributing factor and proximate cause of his own death. Petition at 5-6 (incorporating by
9 reference claims 1-3 raised in his petitions for review in California Supreme Court case numbers
10 S118627 and S120809 and claim 4 raised in his then-pending California Superior Court habeas
11 petition, case number 0107193). A review of petitioner's amended petition shows that he raises
12 the same four claims. Amended Petition at 9 (incorporating by reference claims 1-4 raised his
13 petitions for review in California Supreme Court case numbers S118627, S120809, and
14 S139796).

15    Accordingly, because none of petitioner's four claims raised in his amended petition are
16 "new" claims, they all relate back to the date of the original pleading, and therefore, are timely.
17 See Mayle, 545 U.S. at 654-55. Accordingly, respondent's motion to reconsider (docket no. 24)
18 is DENIED.

19    The court notes that its original order to show cause inadvertently omitted claim 4 from
20 its list of petitioner's claims. Liberally construed, each of the four allegations referenced above
21 are sufficient to require a response. The court orders respondent to show cause why the petition
22 should not be granted and issues a further scheduling order below.

23                                **CONCLUSION**

24    1.    Respondent's motion to reconsider (docket no. 24) is DENIED.
25    2.    Respondent shall file with the court and serve on petitioner, within **sixty**
26 **days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules
27 Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be
28 granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of

Order Denying Respondent's Motion Reconsider Order Denying Motion to Dismiss; Further Scheduling Order
P:\PRO-SE\SJ.Rmw\HC.05\Williams891denrec.wpd    3

1  the underlying state criminal record that have been transcribed previously and that are relevant to
2  a determination of the issues presented by the petition.
3        If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
4  court, and serving a copy on respondent, within **thirty days** of the date the answer is filed.
5        3.    It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that
6  all communications with the court must be served on respondent by mailing a true copy of the
7  document to respondent's counsel.  Petitioner must keep the court and all parties informed of any
8  change of address by filing a separate paper captioned "Notice of Change of Address."
9  Petitioner must comply with the court's orders in a timely fashion.  Failure to do so may result in
10  the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure
11  41(b).
12        This order terminates docket no. 24.
13        IT IS SO ORDERED.
14  DATED:  10/22/08                                                     *Ronald M. Whyte*
15                                                    RONALD M. WHYTE
                                                  United States District Judge
16
17
18
19
20
21
22
23
24
25
26
27
28